1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10
11

VERNON C. BROWN, JR.,

12

Petitioner,

13

v.

14

TIM A. VARGAS,

15

Respondent.

16

) Case No.: 1:12-cv-00505-JLT
)
) ORDER REQUIRING PETITIONER TO SUBMIT
) AN AMENDED PETITION
) THIRTY DAY DEADLINE
)
) ORDER DIRECTING CLERK OF THE COURT TO
) SEND PETITIONER A FORM FOR FILING
) HABEAS CORPUS PETITION PURSUANT TO 28
) U.S.C. § 2254

17 Petitioner is a state prisoner proceeding through retained counsel with a petition for writ of habeas

18 corpus pursuant to 28 U.S.C. § 2254.

19

**PROCEDURAL HISTORY**

20         Petitioner filed the instant federal petition on March 30, 2012.  (Doc. 1).  A preliminary review

21 of the petition indicates that Petitioner has not provided sufficient information regarding his conviction

22 and the claims he wishes to raise for this case to proceed.

23         Rule 2 of the Rules Governing Section 2254 Cases provides that the petition:

24         "…shall specify all the grounds for relief which are available to the
           petitioner and of which he has or by the exercise of reasonable diligence should
25         have knowledge and shall set forth in summary form the facts supporting each of
           the grounds thus specified."
26
27
28

1

Rule 2(c), Rules Governing Section 2254 Cases.  Additionally, the Advisory Committee Notes to Rule 4 explains that "…'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'"   Advisory Committee Notes to Rule 4; <u>see</u> <u>Blackledge v. Allison</u>, 431 U.S. 63, 75, n. 7, 97 S.Ct. 1621 (1977).

Here, Petitioner does not inform the Court of when or where his conviction occurred, thus precluding the Court from any review concerning the appropriate venue or whether the petition is timely under federal law.  Indeed, in the first four questions on the form petition directed toward Petitioner's underlying conviction, Petitioner answers "not applicable" no less than thirty-two times.  More significantly, however, under the section of the form provided for Petitioner to list his federal claims, Petitioner inexplicably responds either "yes" or "no" on multiple occasions, without ever actually articulating a claim of any kind or even describing facts or circumstances that could suggest to the Court the nature of Petitioner's underlying grievances.  Indeed, the most illuminating portion of the petition is a brief statement that "no one supported me."  (Doc. 1, p. 6).  However, from the context, it is not clear what Petitioner means by this cryptic observation.

Petitioner has appended to his petition a copy of another petition, apparently  not filed, on a form provided by the United States District Court for the Northern District of California, in which Petitioner again provides no useful information regarding his underlying conviction.  He does indicate that he has previously filed a federal habeas petition in the Central District of California, but fails to provide any further information such as a case number or the date of filing or ruling.  Also, as with the instant petition, in the petition captioned for the Northern District, Petitioner fails to explain what claims he is raising or any information about his underlying conviction other than the length of his sentence.

In sum, Petitioner has submitted a petition with no discernible claims for the Court to review and with grossly insufficient information for the Court to conduct a preliminary screening of the petition.  As discussed above, it is Petitioner's responsibility to specify all grounds for relief and to provide sufficient factual allegations for the Court to determine what claims Petitioner is seeking to raise and whether those claims state the kind of federal constitutional violations upon which this Court's habeas jurisdiction is predicated.  Petitioner has failed to meet these minimal pleading

requirements.  Accordingly, Petitioner will be required to submit a First Amended Petition in which he clearly and succinctly sets forth all of his claims, together with supporting factual allegations, in order for this case to proceed.

Accordingly, it is HEREBY ORDERED that:

1.  Petitioner is GRANTED thirty (30) days from the date of service of this Order to SUBMIT an AMENDED PETITION that clearly lists each ground for relief that Petitioner intends to raise in this Court along with a brief statement of supporting facts.  The amended petition should be clearly and boldly titled "FIRST AMENDED PETITION," it must contain the appropriate case number, and it must be an original signed under penalty of perjury.  Petitioner should also note that every pleading to which an amendment or supplement is permitted must be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading.  Local Rule 220.

2.  The Clerk of the Court is DIRECTED to send Petitioner a blank form petition for petitioners filing pursuant to 28 U.S.C. § 2254.

Petitioner is forewarned that his failure to comply with this Order may result in an Order of Dismissal or a Recommendation that the petition be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:   __April 11, 2012__              _____/s/ Jennifer L. Thurston
                                         UNITED STATES MAGISTRATE JUDGE