UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON C. BROWN, JR.,<br><br>    Petitioner,<br><br>    v.<br><br>TIM A. VARGAS,<br><br>    Respondent. | Case No.: 1:12-cv-00505-JLT<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS FIRST AMENDED PETITION FOR FAILURE TO STATE A COGNIZABLE HABEAS CLAIM (Doc. 9)<br><br>ORDER DIRECTING OBJECTIONS TO BE FILED WITHIN TWENTY DAYS |

Petitioner is a state prisoner proceeding through retained counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## PROCEDURAL HISTORY

Petitioner filed the instant federal petition on March 30, 2012. (Doc. 1). A preliminary review of the petition, however, failed to uncover any cognizable habeas claims. Specifically, in the section of the form petition provided for listing claims, Petitioner had answered "yes" and "no," and in the sections of the form that required information regarding the conviction Petitioner was challenging, the form was either left blank or Petitioner indicated "not applicable." As a result, the Court had no way of determining what conviction was being challenged or why. Accordingly, on April 12, 2012, the Court ordered Petitioner to file an amended petition within thirty days and ordered the Clerk of the Court to send Petitioner a form for inmates proceeding pursuant to 28 U.S.C. § 2254. (Doc. 4). On April 30, 2012, Petitioner filed his first amended petition. (Doc. 9). A review of the amended petition

reveals the same infirmities as existed in the original petition: i.e., Petitioner has provided only a state court case number, presumably referring to his state conviction, and he has failed to list any habeas claims.

Rule 2 of the Rules Governing Section 2254 Cases provides that the petition:

> "…shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified."

Rule 2(c), Rules Governing Section 2254 Cases.  Additionally, the Advisory Committee Notes to Rule 4 explains that "…'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'"   Advisory Committee Notes to Rule 4; see Blackledge v. Allison, 431 U.S. 63, 75, n. 7, 97 S.Ct. 1621 (1977).  Moreover, summary dismissal is appropriate where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) *(quoting* Blackkledge v. Allison, 431 U.S. 63, 75-76 (1977)).  Although the above case law does not expressly address a petitioner's complete failure to provide any claims whatsoever, the Court reads these cases to include within the ambit of "frivolous" claims a petitioner's repeated failure to provide the Court with any claims to review.

Here, as discussed above, Petitioner has failed on two occasions to provide even the most minimal information regarding the conviction he wishes to challenge, thus effectively precluding the Court from any review concerning the appropriate venue or whether the petition is timely under federal law.  The first amended petition is written on a form provided by the Central District of California.  Included with this petition is the form petition provided to Petitioner by the Clerk of this Court, pursuant to the Court's April 12, 2012 order.  However, apart from filling out the names of the parties and signing the petition, that form contains no further information and contains no claims.

In sum, Petitioner has submitted an original petition, and, now, a first amended petition, neither of which contain any discernible claims for the Court to review.  As discussed above, it is Petitioner's responsibility to specify all grounds for relief and to provide sufficient factual allegations for the Court to determine what claims Petitioner is seeking to raise and whether those claims state the kind of

federal constitutional violations upon which this Court's habeas jurisdiction is predicated. Petitioner has failed to meet these minimal pleading requirements. Accordingly, the Court recommends that the first amended petition be dismissed for failure to state a cognizable habeas corpus claim.

## **RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be summarily DISMISSED for failure to state a cognizable federal habeas claim.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 3, 2012**                     **/s/ Jennifer L. Thurston**
                                             UNITED STATES MAGISTRATE JUDGE